UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCUS A. BRANCH, | Case No. 1:21-cv-2180 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| DAVID T. MATIA, | |
| Defendant. | |

## OPINION AND ORDER

*Pro se* Plaintiff Marcus A. Branch filed this action against David T. Matia, a judge in the Cuyahoga County Common Pleas Court. In his complaint, Plaintiff alleges that Judge Matia violated his Fifth Amendment rights and subjected him to double jeopardy at his criminal sentencing. He asks the Court to vacate his sentence and impose a new sentence for his offense of conviction. He also seeks monetary damages. For the reasons more fully explained below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e).

## STATEMENT OF FACTS

Plaintiff's handwritten complaint is difficult to decipher. He indicates Judge Matia presided over his criminal case. He alleges that Judge Matia violated his Fifth Amendment rights by adding "an extra four years to his sentence for parole, when in fact Mr. Branch had already been sentenced and served prison time for parole for this case (9-3-19—2-17-20)." (ECF No. 1, PageID #1.) He contends that

Judge Matia also subjected him to double jeopardy by imposing multiple sanctions for the same offense. He alleges that when he complained to the local bar association, Judge Matia denied his "motions to get back into court." (*Id.*) He seeks to have his sentence vacated and a three-year sentence for attempted felonious assault imposed. He indicates that he has already served this time. He also seeks $ 1,600,000.00 for lost wages.

## GOVERNING LEGAL STANDARDS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the

2

complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff cannot challenge his conviction or sentence in what appears to be a civil rights action. To the extent he asks for his sentence to be vacated and a new sentence imposed, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A complaint seeking relief under 42 U.S.C. § 1983 does not present a permissible alternative to a petition for writ of habeas corpus. *Id*.

To the extent Mr. Branch seeks damages for a wrongful sentence, he cannot proceed with a civil rights action unless he pleads and proves that his sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages that calls into question a conviction or sentence that has not been invalidated is not cognizable in a civil rights action. *Id*.

Further, as a State-court judicial officer, Judge Matia enjoys absolute immunity against suits for damages stemming from decisions he made while

presiding over Plaintiff's case. Judges are given this immunity to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only if the defendant is not acting as a judge when the incident occurred or if the judge acted in complete absence of all subject matter jurisdiction of the court over which he presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action he took was performed in error, done maliciously, or was in excess of his authority. Plaintiff objects to the sentence Judge Matia imposed in his criminal case. Judge Matia was acting in his capacity as judge during sentencing, and the Cuyahoga County Common Pleas Court has subject matter jurisdiction over State criminal cases. Therefore, he is absolutely immune from this suit for damages.

## CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith. This case is closed.

**SO ORDERED.**

Dated: February 17, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio